IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                                      CASE NO. 4:07CV167-RH/AK

**JAMES C. HANKINSON,**

    **Defendants.**

    _____/

## **REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the nineteen defendants, which include several judges, law enforcement officers, prosecuting attorneys, defense attorneys, and two courts, violated his civil rights relative to his arrest and conviction in 2002, for which he is presently incarcerated.  (Doc. 11). Plaintiff is barred from proceeding *in forma pauperis* in this court for having filed more than three frivolous lawsuits.  (See Doc. 4 in Case No. 4:07cv317-MP/WCS). Plaintiff has circumvented the restrictions of 28 U.S.C. §1915(g), which would require the showing of "imminent danger of serious physical injury" by paying the full filing fee. However, the undersigned is of the opinion that the amended complaint should be dismissed as frivolous under 28 U.S.C. §1915A(b)(1) without service upon any of the named defendants.

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted or is frivolous.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**No. 4:07cv167-RH/AK**

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915A(b)(1). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

As reflected in the attached cases, Plaintiff has attempted to sue the judges, attorneys and law enforcement officers involved in his arrest and conviction at least five times in this district. He claims generally that his arrest was without probable cause, that evidence was illegally used against him at his trial, and that all parties conspired to convict him illegally for which he wants them all prosecuted and compensatory damages for each day he remains incarcerated until his conviction has been invalidated. As has been explained to him previously, until his conviction has been overturned he is not entitled to damages pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (<u>See</u> Doc. 19 in Case No. 4:06cv406-MP/WCS). Yet, Plaintiff has filed another lawsuit asserting the exact same claims as presented in Case No. 4:06cv406-MP/WCS.

**No. 4:07cv167-RH/AK**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** as frivolous pursuant to 28 U.S.C. §1915A(b)(1).

**IN CHAMBERS** at Gainesville, Florida, this *10th* day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:07cv167-RH/AK**